UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARA ERESIAN, JR.,

    Appellant,

v.                                    CASE NO. 2:09-CV-690-FTM-UA

LAWRENCE N. PETRICCA, SR.,

    Appellee.

_____/

ORDER

This cause is before the Court on:

    Dkt. 1    Bankruptcy Record
    Dkt. 7    Bankruptcy Record (Supplemental)
    Dkt. 8    Bankruptcy Record (Supplemental)
    Dkt. 9    Bankruptcy Record (Supplemental)
    Dkt. 25   Brief of Appellant
    Dkt. 40   Brief of Appellee
    Dkt. 41   Appendix
    Dkt. 43   Notice of Pendency of Related Cases
    Dkt. 45   Notice of Pendency of Related Cases

Appellant Ara Eresian, Jr. is proceeding pro se in this Bankruptcy Appeal of the Bankruptcy Court's denial of Appellant's Expedited Motion and Memorandum of No Automatic Stay (Dkt. 1-3) in the Chapter 7 proceedings of Debtor Lawrence Petricca, Sr. on July 16, 2009.

At the outset, the Court notes that this Court authorized Appellant to file a Reply brief, but Appellant did not do so. (Dkt. 55).

Case No. 2:09-CV-609-FTM-UA

The Court takes judicial notice of the docket of a related case, Case No. 2:11-CV-493-FTM-JES, Ara Eresian, Jr. v. Frederick Hutchings. That case includes documents (Dkts. 19, 20, 21) which throw light on the issues on appeal in this case. The Court also takes judicial notice of the docket of Bankruptcy Petition No. 9:08-BK-16204-ALP. (Dkt. 1-5).

The Court notes the factual background of this appeal, which is included in another Order of the Bankruptcy Court (Dkt. 1-4), as well as the Notices of Pendency of Related Cases which were filed, which speak for themselves. There is a considerable history of prior related litigation.

I. Background

Frederick Hutchings filed an Involuntary Petition as to Debtor Lawrence Petricca, Sr. on October 16, 2008; Debtor Lawrence Petricca, Sr. was served on November 21, 2008, and filed an Answer on December 15, 2008. The Answer to Involuntary Petition was initially scheduled for a hearing on January 21, 2009, but, pursuant to requests by Petitioning Creditor Hutchings, the hearing was rescheduled to March 19, 2009. After that hearing was set, Appellant filed a Notice of Appearance and Request for Notice by Interested Party, and Expedited Motion and Memorandum of No Automatic Stay on February 3, 2009. Appellant's Motion was scheduled for preliminary hearing on March 19, 2009.

Petitioning Creditor Frederick Hutchings filed an Objection to Appellant's Expedited Motion and Memorandum, and an Amended Objection to Appellant's Expedited Motion.

Appellant Eresian filed additional related emergency motions and responses, which were scheduled for a hearing on May 6, 2009 (to close the Involuntary Petition

Case No. 2:09-CV-609-FTM-UA

case or for clarification; staying preliminary hearing scheduled on March 19, 2009 on Expedited Motion, or for clarification, or for order rescheduling and consolidating preliminary hearing with evidentiary hearing; to strike Certificates of Service of Petitioning Creditor). Petitioning Creditor Hutchings filed a Motion to Strike the emergency motions.

On April 15, 2009, upon a finding that Appellee Petricca filed a consent to the Petition, the Bankruptcy Court sua sponte converted the Petition and entered an Order for Relief. A Trustee was appointed, and a Notice of Commencement of Case, Section 341 Meeting of Creditors and Fixing Deadlines was entered. Debtor filed his Schedules. On April 20, 2009, the Bankruptcy Court entered an Order denying the ex parte emergency motions, and cancelling the Preliminary Hearing set on May 6, 2009, in light of the fact that an Order for Relief had been entered. (Dkt. 20-3, Case No. 2:11-CV-493-FTM-JES.)

The Section 341 Meeting of Creditors was held on May, 19, 2009, and an additional Section 341 Meeting of Creditors was held on June 17, 2009. The Trustee requested that the Bankruptcy Court set a claims bar date and give notice of the need to file proofs of claims to all creditors and parties in interest. The Bankruptcy Court entered a Notice of Deadline of 10/15/2009 to file Proofs of Claim, and served it on all creditors and parties in interest on July 13, 2009. On July 16, 2009, the Bankruptcy Court denied Appellant's Motion and Memorandum of No Automatic Stay.

On July 20, 2009, Appellant Eresian filed a Complaint objecting to the discharge of the Debtor, Case No. 9:09-AP-00493-ALP. Debtor Petricca moved to dismiss the Complaint on the basis that Appellant Eresian was not a creditor and had no standing to challenge Debtor Petricca's right to a discharge. The Bankruptcy Court conducted a hearing on September 30, 2009 on pending matters, at which Appellant Eresian and Appellee Petricca appeared. On October 16, 2009, based on the totality of the


Case No. 2:09-CV-609-FTM-UA

evidence as to Appellant Eresian's standing, the Bankruptcy Court concluded that the record was devoid of any evidence that Appellant Eresian had a valid allowable claim against Debtor Petricca, and dismissed the Adversary Complaint with prejudice. The Bankruptcy Court also: 1) overruled Appellant Eresian's Objection to Claimed Exemptions, with prejudice; 2) denied Appellant Eresian's Motion for Order to Compel Debtor to Disclose Residential Address, with prejudice; 3) sustained Debtor's Opposition to Appellant's Designation of Record on Appeal (General Case No. 9:08-BK-16204-ALP, Doc. 112); 4) ordered Appellant's Designation of Record on Appeal (General Case No. 9:08-BK-16204-ALP, Doc. 92) stricken; 5) sustained Debtor's Opposition to Appellant's Statement of Issues on Appeal (General Case No. 9:08-BK-16204-ALP, Doc. 113); 6) ordered Appellant's Statement of Issues on Appeal (General Case No. 9:08-BK-16204-ALP, Doc. 93) stricken; 7) granted Frederick Hutchings' Motion to Bar Ara Eresian, Jr. From Filing any Further Motions or Complaints Until Such Time as He Proves He is a Creditor (General Case No. 9:08-CV-16204-ALP, Doc. 119), and 8) ordered that any further documents filed with the Clerk in this case by Ara Eresian, Jr. or anyone on his behalf, shall be directed to the Court, whereupon the Court will enter an Order striking such documents and may also consider sanctions, if appropriate. (Dkt. 1-4).

The Court notes that Appellant Eresian appealed the above Order to the United States District Court, Case No. 2:11-CV-493-JES. The Court dismissed the appeal for failure to prosecute, and a judgment was entered against Appellant Eresian. (Dkts. 24, 25). Appellant Eresian appealed the dismissal to the Eleventh Circuit Court of Appeals; the appeal was dismissed for lack of prosecution. (Dkt. 30). Therefore, the Bankruptcy Court's Order of October 16, 2009 remains the law of the case; Appellant Ara Eresian, Jr. has no standing and is not a real party in interest.

Case No. 2:09-CV-609-FTM-UA

II. Standard of Review

The Court reviews the factual findings of the Bankruptcy Court for clear error, and the resolution of legal questions de novo. A factual finding is clearly erroneous when, although there is evidence to support it, "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1230 (11th Cir. 2009).

Denial of injunctive relief is reviewed under the "abuse of discretion" standard. Kidder, Peabody & Co. v. Brandt, 131 F.3d 1001, 1003 (11th Cir. 1997). Determinations of law made in reaching the decision to deny injunctive relief are reviewed de novo. Id. at 1003. Under the abuse of discretion standard, a court is allowed a range of choice in reaching its decision, and the decision shall be affirmed unless the court "applied the wrong law, followed the wrong procedure, relied on clearly erroneous facts, or committed a clear error in judgment." United States v. Brown, 15 F.3d 1257, 1264-65 (11th Cir. 2005).

An order granting or denying relief from an automatic stay is reviewed for abuse of discretion. In Re Dixie Broadcasting, Inc., 871 F.2d 1023 (11th Cir. 1989).

II. Discussion

A. Preliminary Issue - "Promptly"

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") supplements the provisions of Bankruptcy Reform Act of 1978.

Section 362(c)(4)(A)(i), (ii) provide:

5

Case No. 2:09-CV-609-FTM-UA

(c) Except as provided in subsections (d), (e), (f) and (h) of this section–

(1) the stay of an action against the property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

(2) The stay of any other act under subsection (a) of this section continues until the earliest of–

......

(3) If a single or joint case is filed by or against a debtor who is an individual in case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any and all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for the purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(i) as to all creditors, if–

.....

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was as debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning or limiting the stay as to actions of such credit; and

Case No. 2:09-CV-609-FTM-UA

> (4) (A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;....
>
> ........
>
> (j) On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

As the Bankruptcy Court notes in In re Murray, 350 B.R. 408, 411 (Bkrtcy. S.D. Ohio 2006:

> [1] Section 362(c)(4)(A)(ii) provides that "on request of a party in interest, the court shall *promptly* enter an order confirming that no stay is in effect." (emphasis added) This section is new language added by the 2005 Act and the word promptly is not defined within § 101—Definitions, nor does it appear in § 102—Rules of Construction, nor is assistance available from provisions of the Dictionary Act. 1 U.S.C. § 1.
>
> As detailed later, the provisions of § 362(c) distinguish between circumstances where the automatic stay of § 362(a) goes into effect for only a limited period [§ 362(c)(3)] and circumstances where the stay does not go into effect at all [§ 362(c)(4)]. It is noteworthy that § 362(j) provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." Notably absent in this provision, in which the language closely tracks the language of § 362(c)(4)(A)(ii), is the word "promptly." This would indicate that Congress intended the court to enter an order "confirming that no stay is in effect" under § 362(c)(4)(A)(ii) in a time period more prompt than an order "confirming that the automatic stay has been terminated" under other provisions of § 362(c), which has no indication of the time period when an order should be entered; however, again, neither of these provisions aid in determining the time period which would constitute "promptly" under § 362(c)(4)(A)(ii). The Court is not aided by a

Case No. 2:09-CV-609-FTM-UA

congressionally designated definition of a specific time period.

As the Murray Court notes, other provisions of Sec. 362 provide specific time periods, and other factors a court may consider in a determination of whether a motion is heard "promptly" under Sec. 362(c)(4)(A)(ii) include the due process requirements reflected in the service and notice requirements of applicable national or local bankruptcy rules; the pled, or established circumstances supporting a party's request that the order be entered by a specific date; separate statutory provisions which provide for the entry of orders by a specific date; the existence of undetermined, older matters of the same character, and other time-sensitive demands of the court's docket following the filing of the last document in connection with the motion requesting an order pursuant to Sec. 362(c)(4)(A)(ii).

Appellant's Motion was filed on February 3, 2009; the Motion to Strike and Amended Motion to Strike were filed on February 9, 2009. A Notice of Hearing was entered by the Bankruptcy Court on February 11, 2009, scheduling a hearing for March 19, 2009. Petitioning Creditor's Objection was filed on February 13, 2009, and the Amended Objection was filed on March 20, 2009. The Trustee gave notice of the recovery of assets and requested that the Bankruptcy Court set a bar date for claims on July 9, 2009. In light of the Order for Relief, the Bankruptcy Court denied Appellant's emergency motions; the Bankruptcy Court then denied Appellant's Expedited Motion and Memorandum of No Automatic Stay on July 16, 2009. Since the Bankruptcy Code does not require a hearing in a specified time period, and Appellant's Motion does not contain any allegation of irreparable harm, after consideration of the development of the case, the Court concludes that the Bankruptcy Court's ruling on July 16, 2009 was entered "promptly."

Case No. 2:09-CV-609-FTM-UA

B. Expedited Motion and Memorandum of No Automatic Stay

Under Bankruptcy Rule 4001, a motion for relief from the automatic stay is to be made in accordance with Bankruptcy Rule 9014, "Contested Matters." A contested matter includes any dispute other than an adversary proceeding, and requires reasonable notice and an opportunity to be heard by the party against whom relief is sought. Appellant's Expedited Motion and Memorandum of No Automatic Stay is a "contested matter" as to whether the circumstances satisfy the necessary predicate for application of Sec. 362(c)(4)(A)(i) and (ii).

The Court notes that Petitioning Creditor Hutchens filed: 1) Objection to Appellant's Expedited Motion and Memorandum of No Automatic Stay (Dkt. 19-3, 19-4-19-21 (Exhibits); 2) an Amended Objection to Appellant's Expedited Motion and Memorandum of No Automatic Stay (Dkt. 20-2); a Motion to Strike (Dkt. 19-2); and an Amended Motion to Strike (Dkt. 19-1) Case No. 2:11-CV-493-FTM-JES).

In his Objection, Petitioning Creditor Hutchens argued that only one "legal" involuntary bankruptcy petition was filed, the current petition; that, in his Answer, Debtor Petricca admitted that he owed Petitioning Creditor money, and that Petitioning Creditor's bona fide claim would be prejudiced in the stay was lifted. In the Amended Objection, Petitioning Creditor argued that Appellant Eresian is not an interested party as a trustee of an alleged trust that has an interest in the JW Nominee Trust, and that Appellant Eresian does not have standing to represent a trust in Federal Court, or to represent other parties in Federal Court. Petitioning Creditor further argued that the interest of Appellant Eresian and JW Nominee Trust would not be prejudiced if the stay continued, but the interest of Petitioning Creditor and the other creditors would be severely prejudiced if the automatic stay was deemed not in effect.

Case No. 2:09-CV-609-FTM-UA

1. Party in Interest

In order to obtain relief from the automatic stay, a movant must have standing, and be a real party in interest.  See In re Freeman, 446 B.R. 625 (Bkrtcy. S.D. Ga. 2010).

The Bankruptcy Code provides that "[o]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay" if the party in interest has made the appropriate showing to obtain such relief.  See 11 U.S.C. Sec, 362(d).  The Bankruptcy Code does not define "party in interest" for the purpose of this section.  In general, a "real party in interest" is one who, under applicable substantive law, has the legal right which is sought to be enforced, or is a party entitled to bring suit.  Other courts have found that, in order to invoke relief under Sec. 362(d), a party must be either a creditor or debtor of the bankruptcy estate.  See Roslyn Savings Bank v. Comcoach Corporation, 698 F.2d 571, 573 (2d Cir. 1983).  A "creditor" is "an entity who has a claim against the debtor."  See 11 U.S.C. Sec. 101(10) (A).  A "claim" is a right to payment.  See 11 U.S.C. Sec. 101(5).  An "attorney" is "an attorney....authorized under applicable law to practice law." See 11 U.S.C. 101(4).

In stay proceedings, the evidentiary standard is whether the party has a colorable claim.  Appellant Ara Eresian did not establish that he has a colorable claim.  Ara Eresian did not establish that he was an attorney admitted to practice in this district, or in any other jurisdiction.  Therefore he could not represent a trust in federal court, even if he was a trustee of a trust that was a creditor.  The Bankruptcy Court considered the arguments raised by Petitioning Creditor, and did not err in denying Appellant's Motion and Memorandum of No Automatic Stay on the basis that Appellant Ara Eresian is not a party in interest.

Case No. 2:09-CV-609-FTM-UA

2. Standing

Appellant Eresian recognizes that the entry of a "comfort order" is reserved for those circumstances in which there are no genuine issues of material fact, and in which the court can readily confirm that an event has occurred as a matter of law. In re Hill, 364 B.R. 826, 831 (M.D. Fla. 2007). Appellant argues that Sec. 362(j) mandates the entry of the requested relief, but the Court must always consider disputed jurisdictional issues before ruling on the merits. Warth v. Seldin, 422 U.S. 490, 498 (1975). The party invoking federal jurisdiction has the burden of proof as to standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The Objections and Motions to Strike filed by Petitioning Creditor Hutchens raise disputed issues of material fact as to Appellant's standing to seek relief. The Petitioning Creditor successfully rebutted Ara Eresian's attempt to establish standing. In light of the fact that the Bankruptcy case was proceeding, and in light of the issues raised in the Objections and Motions to Strike, with the attached exhibits, the Bankruptcy Court did not err in denying Appellant's Motion and Memorandum of No Automatic Stay.

After Appellant filed Appellant's adversary complaint, Case No. 9:09-AP-00493-ALP, the Bankruptcy Court scheduled a preliminary hearing on Petitioning Creditor Hutchings' Motion to Bar Ara Eresian, Jr. From filing any further Motions or Complaints until such time as he proves he is a Creditor on September 18, 2009; after granting an extension of time to respond to motions and objections of alleged creditors, the Bankruptcy Court rescheduled the hearing to September 30, 2009. The Bankruptcy Court heard testimony on the disputed issues from Lawrence N. Petricca, Sr. and from Ara Eresian, Jr. at the hearing. On October 16, 2009, the Bankruptcy entered its Order finding that Ara Eresian, Jr. had no standing as a creditor, or as an assignee of a claim scheduled by Debtor.

Case No. 2:09-CV-690-FTM-EAK

The Bankruptcy Court did not include a detailed basis for the denial of Appellant's Motion, but the issues of standing and of a "party in interest" are framed in the Objections and Motions to Strike. After consideration, the Court concludes that the Bankruptcy Court did not err in denying Appellant's Motion and Memorandum of No Automatic Stay, and the Bankruptcy Court ruled on Appellant's Motion promptly. The Court affirms the decision of the Bankruptcy Court. Accordingly, it is

**ORDERED** that the decision of the Bankruptcy Court is **affirmed**. The Clerk of Court shall enter a final judgment in favor of Appellee Lawrence M. Petricca, Jr. and close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this /s*t* day of February, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record